UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OSCAR DANTZLER | CIVIL ACTION |
| VERSUS | NO. 18-11022 |
| R. KYLE ARDOIN, *et al.* | SECTION: M (4) |

## ORDER & REASONS

In the 2018 election, plaintiff Oscar Dantzler ("Dantzler")[1] was a candidate for the office of mayor of Hammond, Louisiana.[2] Dantzler did not win the election.[3] On November 15, 2018, Dantzler filed this action against R. Kyle Ardoin, individually and in his capacity as the Secretary of State of Louisiana; Gary T. Stanga, individually and in his capacity as the Tangipahoa Parish Clerk of Court; and Willie Johnson, individually and in his official capacity as the Tangipahoa Parish Registrar of Voters (collectively "Defendants"), alleging that Defendants conspired to violate Dantzler's constitutional rights with respect to the election results.[4] Dantzler seeks a writ of mandamus ordering Defendants to recount the votes, turn over the voting machines for a recount, and perform other duties required by Louisiana election law.[5]

Dantzler also filed a motion to stay seeking an order recalling the election results and ordering a recount.[6] A stay is a discretionary remedy to be granted or denied within the sound judgment of the district court. *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *Arnold v. Garlock*, 278 F.3d 426, 438 (5th Cir. 2001). To obtain a stay, the plaintiff bears the burden of establishing each of the following four elements:

---

[1] Because Dantzler is proceeding *pro se*, the Court construes his filings liberally. *E.E.O.C. v. Simaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). However, Dantzler is still required to "abide by the rules that govern the federal courts." *Id.*
[2] R. Doc. 1 at 1-5.
[3] *Id.* at 6.
[4] *Id.* at 4-12.
[5] *Id.* at 17-18.
[6] R. Doc. 2.

1

1. A likelihood of success on the merits, or, if a serious legal question is involved, a substantial case on the merits and equities weighing heavily in favor of granting the stay;

2. irreparable injury;

3. that the stay will not harm other parties; and

4. that the stay would serve the public interest.

*Id.* (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

There is nothing in the record establishing that Dantzler will likely succeed on the merits or that he will suffer irreparable injury without a stay. "Mandamus is an extraordinary remedy, and a petitioner must meet three requirement before a writ can issue: (1) 'the party seeking issuance of the writ must have no other adequate means to attain the relief he desires'; (2) 'the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable'; and (3) 'the issuing court, in exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.'" *In re Jankovic*, 738 F. App'x 268, 269 (5th Cir. 2018) (quoting *In re Volkswagen*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (internal alterations and quotation marks omitted)). Further, a federal court cannot use a writ of mandamus to compel state officials to comply with state law, because "[s]uch a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Dantzler seeks a writ of mandamus requiring Defendants, who are all state or local officers, to perform certain functions under Louisiana law with respect to a local election. This Court cannot issue such a writ. *See id.*

Moreover, the "irreparable harm" that Dantzler alleges will occur if the defendants are not compelled to perform their duties under state law is that he will die due to the acceleration of

a terminal illness.[7] There is nothing in the record to indicate that Defendants' actions or inactions with respect to a local election in any way contributed to Dantzler's alleged illness or can possibly hasten his demise. The allegation itself amounts to shear speculation, so cannot be the basis for a showing of irreparable injury.

Nor has Dantzler demonstrated that the harm to the citizens and voters of Hammond, much less the elected mayor, occasioned by any stay of the election results is outweighed by any interest that could be advanced by a stay. In fact, the public interest in settled elections would not be served by a stay, especially in the absence of particularized allegations of fact as would call into question the fairness of the election.

In sum, Dantzler has not established even one of the four requisites to warrant a stay, and the law requires more.

Accordingly, IT IS ORDERED that Dantzler's motion to stay (R. Doc. 2) is DENIED.

New Orleans, Louisiana, this 19th day of November, 2018.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[7] R. Doc. 1 at 13.